IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **JUAN CARLOS FLORES MURILLO, BRYAN JOSUE PENA SANABRIA,** and **JOSSELIN MICHELT FLORES FAJARDO**<br><br>        Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA; U.S. CITIZENSHIP AND IMMIGRATION SERVICES "USCIS");** Attorney General of the United States, **MERRICK GARLAND;** U.S. Department of Homeland Security Secretary, **ALEJANDRO MAYORKAS;** Assistant Secretary of Homeland Security USCIS, **UR JADDOU;** Field Office Director of Des Moines, Iowa USCIS, **MARTA NICKOLS.**<br><br>        Defendants. | **CASE NO. 4:23-cv-00068**<br><br>**PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS, TEMPORARY INJUNCTIVE RELIEF, and REQUEST FOR EMERGENCY HEARING** |

## I.    INTRODUCTION

1.    Plaintiff Juan Carlos Flores Murillo seeks an order from this honorable Court ordering USCIS to adjudicate the I-360 petition he filed with his children, Bryan Josue Pena Sanabria and Josselin Michelt Flores Fajardo, as derivatives.

## II.    JURISDICTION AND VENUE

2.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1361 (to compel an officer, employee or agency of the United States to perform a duty owed to plaintiff); 28 U.S.C. § 1346(a)(2) (a civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department); 8 U.S.C. § 1447(b) (jurisdiction to determine or remand naturalization

1

applications where there has been a failure to make a determination on the application within 120 days of examination); 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 704 and 706, the Administrative Procedure Act (no other adequate remedy and to compel agency action unlawfully withheld or unreasonably delayed); 8 U.S.C. § 1447, and 5 U.S.C. § 504, the Equal Access to Justice Act.

3. Specifically, the Supreme Court has found that 28 USC § 1331 serves as the jurisdictional basis for federal courts "to review agency action." Califano v. Sanders, 430 U.S. 99, 105 (1977); see also Bowen v. Massachusetts, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 USC § 1331"). Courts of Appeals uniformly agree that 28 USC § 1331 is the jurisdictional basis for a suit to review agency action under the APA. See, e.g., Ana International Inc. v. Way, 393 F.3d 886, 890 (9th Cir. 2004) (finding that this rule applies in the immigration context); Yeboah v. U.S. DOJ, 345 F.3d 216, 220 (3d Cir. 2003) (SIJS visa case); Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999) (immigrant visa case); Sigman Coal Co. v. Apfel, 226 F.3d 291, 301 (4th Cir. 2000); Dixie Fuel Co. v. Comm'r of Social Security, 171 F.3d 1052, 1057 (6th Cir. 1998); Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) as Plaintiffs reside in the United States District Court for the Southern District of Iowa and a substantial part of the events or omissions giving rise to the claim occurred within the district.

## II. PARTIES

5. Plaintiff Juan Carlos Flores Murillo is a citizen of Honduras. His children, Plaintiff Bryan Josue Pena Sanabria and Plaintiff Josselin Michelt Flores Fajardo, are citizens of the same. They all reside together in Des Moines, Iowa, in the Southern District of Iowa.

6. Defendant USCIS is an agency of the United States Department of Homeland Security ("DHS"). USCIS implements procedures and promulgates rules by which aliens are naturalized in the United States.

7. Defendant Merrick Garland, Attorney General of the United States is sued in his official capacity.

8. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security. He heads the agency responsible for implementing the Immigration and Nationality Act. Defendant Mayorkas is sued in his official capacity.

9. Defendant Ur Jaddou is the assistant secretary of homeland security of USCIS. She directs the agency responsible for approving naturalization applications in the United States. She is sued in his official capacity.

10. Defendant Nickols is Field Office Director of USCIS for the Des Moines ICE office. She is sued in her official capacity.

### III. STATEMENT OF FACTS

11. On August 31, 2021 Plaintiff Juan Carlos Flores Murillo filed an initial I-360, Self-Petition for Immigrant Classification as Battered Spouse of a U.S. Citizen, application., On April 4, 2022, he filed an amended application. Plaintiffs Pena Sanabria and Flores Fajardo were included as derivatives of this application. On April 19, 2022, USCIS issued an official notice that the application had been received.

12. On April 21, 2022, USCIS notified Plaintiff Flores Murillo that his application was reviewed and found to have established a prime facie case for classification under the self-petitioning provisions of the Violence Against Women Act.

13. As of the date of this complaint, no action has been taken with respect to Plaintiff's application. Over 17 months have elapsed since USCIS issued its notice of receipt of the application.

14. USCIS' failure to adjudicate Plaintiff Flores Murillo's I-360 application constitutes an unreasonable delay that requires relief. This failure with respect to Plaintiff Flores Murillo's application also constitutes an unreasonable delay with respect to Plaintiff Pena Sanabria's and Plaintiff Flores Fajardo's derivative applications.

15. The delay in the adjudication of the I-360 in turn delays the Plaintiffs adjustment to lawful permanent residents of the United States, which in turn delays their naturalization as United States citizens.

## IV.   CLAIMS FOR RELIEF

**COUNT 1**
**ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 551, 555(b), 702, 706 *et. seq*.)**
**in conjunction with THE MANDAMUS ACT (28 U.S.C. § 1361)**

16. Plaintiffs incorporates all previous paragraphs of this Complaint by reference.

17. 5 U.S.C. § 706 states:

Scope of review - To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall…(2) hold unlawful and set aside agency action, findings, and conclusions found to be-
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;

18. USCIS is a federal agency under DHS.

19. USCIS has failed to adjudicate the Plaintiff's I-360 application without unreasonable delay.

20. Courts have found that the INA establishes a clear right to relief in the context of delayed applications. See, e.g., Hadad v. Scharfen, No. 08-22608, 2009 U.S. Dist. LEXIS 26147, at *6–7 (S.D. Fla. Mar. 12, 2009) (finding that 8 U.S.C. § 1446(d) establishes "a right to have [an] application for naturalization processed and a decision rendered"); Olayan v. Holder, No. 1:08-cv-715-RLY-DML, 2009 U.S. Dist. LEXIS 12825, at *11–12 (S.D. Ind. Feb. 17, 2009) (holding that 8 U.S.C. §§ 1445(c) and 1446(b) and (d) establishes an individual's clear "right to have his naturalization application adjudicated").4

21. Plaintiffs Flores Murillo, Pena Sanabria, and Flores Fajardo therefore request this honorable Court order USCIS to adjudicate their I-360 application.

**WHEREFORE** Plaintiffs Juan Carlos Flores Murillo, Bryan Josue Pena Sanabria, and Josselin Michelt Flores Fajardo respectfully request that this Honorable Court assume jurisdiction over this matter, set the matter for immediate emergency hearing, and order USCIS to adjudicate their application. Plaintiffs further request that this Honorable Court award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act and grant them any and all further relief this Court deems just and equitable under the circumstances.

Respectfully Submitted,

**PARRISH KRUIDENIER DUNN GENTRY BROWN BERGMAN & MESSAMER, L.L.P.**

BY: /s/ Benjamin D. Bergmann
Benjamin D. Bergmann      AT0009469
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704 (Fax)
bbergmann@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**